UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHRISTOPHER PAYTON MAY-SHAW,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.
_____/

Case No. 1:22-cv-479

Honorable Paul L. Maloney

## OPINION AND ORDER

Currently pending before the Court is Defendant-Movant Christopher Payton May-Shaw ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the reasons set forth below, Defendant's motion will be denied.

**I.**    **Background**

On February 22, 2017, a grand jury returned an Indictment charging Defendant with: (1) conspiracy to distribute and possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) & (C), and 846; (2) possession with intent to distribute cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii); (3) possession with intent to distribute heroin, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (4) maintaining a drug-involved premises, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 856(a)(1) and 856(b). *See* Indictment, *United States v. May-Shaw*, No. 1:17-cr-57-1 (W.D. Mich.) (ECF No. 1). On September 27, 2017, a grand jury returned a Superseding Indictment, again charging Defendant with the four charges noted above. *See* Superseding

Indictment, *id.* (ECF No. 28). With respect to the conspiracy charge against Defendant, the grand jury found that the amount of cocaine involved was five kilograms or more. *See id.*, PageID.82.

On January 29, 2018, Defendant's counsel, attorney Matthew Borgula, filed a motion to suppress. *See* Mot., *id.* (ECF No. 54). Defendant moved for suppression obtained "during a search of his automobile and apartment, after officers relied upon illegally obtained evidence as the basis to obtain search warrants." *Id.*, PageID.162. The Court held a hearing regarding the motion on February 28, 2018, and entered an order denying the motion to suppress on March 5, 2018. *See* Ord., *id.* (ECF No. 64).

Defendant subsequently entered into a plea agreement in which he agreed to plead guilty to conspiracy to distribute and possess with intent to distribute cocaine and heroin. *See* Plea Agreement, *id.* (ECF No. 68, PageID.257). The plea agreement noted that Defendant's plea was conditional, meaning that Defendant was reserving the right to appeal the denial of his motion to suppress. (*Id.*, PageID.106.) The agreement noted that if Defendant prevailed on appeal, he would be allowed to withdraw his guilty plea. (*Id.*) Defendant appeared before Magistrate Judge Ellen Carmody on March 6, 2018, for his change of plea hearing. Magistrate Judge Carmody entered a Report and Recommendation recommending that Defendant's guilty plea be accepted, and the Court adopted the Report and Recommendation in an order entered on March 23, 2018. *See* R&R and Ord., *id.* (ECF Nos. 67, 70).

The parties appeared before the undersigned for Defendant's sentencing on July 16, 2018. The Court sentenced Defendant to 144 months' incarceration, "consecutive to any term of imprisonment imposed by the Kent County Circuit Court." *See* J., *id.* (ECF No. 94, PageID.380). The Court also imposed an 8-year term of supervised release. *See id.*, PageID.381.

Defendant appealed to the United States Court of Appeals for the Sixth Circuit, challenging the denial of his motion to suppress. *See United States v. May-Shaw*, 955 F.3d 563, 565 (6th Cir. 2020). The Sixth Circuit affirmed the denial of the motion to suppress on April 8, 2020. *See id.* The United States Supreme Court denied Defendant's petition for a writ of certiorari on June 16, 2021. *See* Letter, *United States v. May-Shaw*, No. 1:17-cr-57-1 (W.D. Mich.) (ECF No. 126).

Defendant filed his § 2255 motion (ECF No. 1) and memorandum in support thereof (ECF No. 2) on May 31, 2022. In an order (ECF No. 4) entered on June 2, 2022, the court ordered the government to file a response to the motion. The government filed its response (ECF No. 9) on July 28, 2022, and Defendant filed a reply (ECF No. 10) on August 15, 2022.

**II.      Analysis**

    **A.      Legal Standards**

        **1.      Section 2255 Proceedings in General**

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid § 2255 motion requires a movant to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of § 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted). As a general rule, a claim not raised on direct review is procedurally defaulted and may not be raised on collateral review absent a showing of

4

either (1) cause and actual prejudice; or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).

### 2. Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

### B. Discussion

Defendant raises the following grounds for relief in his § 2255 motion:

   a. Counsel failed to file the appropriate pretrial motions in this case and failed to do a proper investigation in this case which in turn prevented counsel from filing merit[-]worthy motions in a timely manner during the pretrial stage[,] [t]hus depriving [Defendant] of his right to effective assistance of counsel.

   b. Counsel was ineffective as it relates to the Fourth Amendment [i]ssue on the [s]earch [w]arrant as counsel failed to seek a *Franks* [h]earing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

   c. Counsel failed to properly advise Defendant as to a plea offer.

(ECF No. 2.) The government contends that all of Defendant's claims were waived by the entry of his guilty plea and that Defendant's *Franks* claim lacks merit. (ECF No. 9.) However, Defendant's suggestion that counsel failed to properly advise him regarding the plea offer directly challenges the validity of Defendant's guilty plea. The Court, therefore, will consider that assertion first.

5

### 1. Counsel's Advice Regarding Plea Offer

To determine whether a guilty plea is valid, the Court must consider "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A constitutionally valid guilty plea must meet several requirements. First, the defendant must be competent to plead guilty. *See Brady v. United States*, 397 U.S. 742, 756 (1970). "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against h[er].'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). The defendant must also have notice of the nature of the charges against him. *See Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). The defendant must enter the plea voluntarily, i.e., the plea cannot be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant." *Brady*, 397 U.S. at 750; *see also Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void.").

The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Tollett v. Henderson*, 411 U.S. 258, 267–68 (1973); *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are

voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel can render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56–57.

In his memorandum supporting his § 2255 motion, Defendant argues that he "would have proceeded to trial had counsel sought to suppress evidence through a *Franks* hearing and been successful." (ECF No. 2, PageID.33.) In his reply, he avers that he "pled guilty based on counsel's failure to give the correct advice—advice that counsel could not give absent the proper investigation." (ECF No. 10, PageID.98.)

> When Defendant signed his plea agreement, he did so under the following paragraph:
>
> I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*See* Plea Agreement, *United States v. May-Shaw*, No. 1:17-cr-57-1 (W.D. Mich.) (ECF No. 68, PageID.264). Attorney Borgula signed under the following paragraph:

> I am Christopher May-Shaw's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*Id.*

Moreover, during the change of plea hearing, Defendant represented that he had received a chance to talk to attorney Borgula "about what [his] options [were] in this matter, . . . and in

7

particular [his] decision to plead guilty." *See* Change of Plea Tr., *id.* (ECF No. 110, PageID.530–531). Defendant affirmed that he had asked attorney Borgula questions, and that attorney Borgula had answered those questions to Defendant's satisfaction. *See id.* Defendant noted that he was generally satisfied with attorney Borgula's services to date. *Id.*

When asked if there had been any force or threats to get him to enter a guilty plea, Defendant responded in the negative. *Id.*, PageID.536. Defendant noted that no promises, apart from those set forth in the plea agreement, had been made. *Id.* Defendant stated that his guilty plea was "voluntary and a free will act on [his] part." *Id.* He noted that pleading guilty was in his best interest, and that he had arrived at that determination after discussion with attorney Borgula. *Id.*, PageID.536–537.

At the end of the change of plea hearing, Magistrate Judge Carmody concluded that Defendant's plea was made voluntarily. *See id.*, PageID.547. He also noted that Defendant understood his rights, the charge, and that he was pleading guilty voluntarily and "free from any force, threats, or promises, apart from [his] plea agreement." *Id.*

Here, Defendant "offers no evidence—beyond [his self-serving assertions]—to suggest that his plea was unknowing or involuntary." *See United States v. Sturgill*, 761 F. App'x 578, 582 (6th Cir. 2009). Under settled Sixth Circuit authority, Defendant is bound by the statements that he made under oath at the change of plea hearing. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure [under Rule 11 of the Federal Rules of Criminal Procedure], 'the defendant is bound by his statements in response to that court's inquiry.'") (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). There is no suggestion here that the Court failed to comply with its obligations under Rule 11. *See United States v. Ataya*, 884 F.3d 318, 323–26 (6th Cir. 2018).

In sum, the record before the Court clearly establishes that attorney Borgula did not render ineffective assistance with respect to his advice concerning whether Defendant should enter into the plea agreement. Defendant, therefore, is not entitled to relief with respect to ground III.

### 2. Counsel's Pre-Plea Ineffectiveness

In ground I, Defendant avers that counsel failed to file the appropriate pretrial motions and failed to conduct a proper investigation in this case. In ground II, Defendant contends that counsel was ineffective during proceedings on the motion to suppress because counsel failed to request a *Franks* hearing.

These claims, however, are expressly waived because of Defendant's guilty plea, which the Court has already concluded is valid. "[A] valid, unconditional guilty plea waives all 'constitutional violations occurring prior to a plea of guilty once the defendant enters [his] plea' unless expressly preserved in a plea agreement or at a plea hearing." *See Stoltz v. United States*, No. 19-5952, 2020 WL 885970, at *3 (6th Cir. Jan. 6, 2020) (quoting *United States v. LaLonde*, 509 F.3d 750, 757 (6th Cir. 2007)). This rule extends to arguments regarding pre-plea ineffective assistance of counsel. *See id.* An exception to that rule is found in conditional guilty pleas, which require a defendant to specify in writing the issues preserved for appeal, and then only with the government's consent. Fed. R. Crim. P. 11(a)(2); *see United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003) (holding that "a defendant who pleaded guilty may not appeal an adverse ruling on a pre-plea motion to suppress evidence 'unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with' Rule 11(a)(2)" (quoting *United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001))). However, if the defendant fails to "preserve all potential collateral challenges for the preservation mechanism of Rule 11(a)(2)," the defendant will waive "all challenges to the prosecution except those going to the court's jurisdiction." *United States v.*

9

*Martin*, 526 F.3d 926, 932 (6th Cir. 2008) (quoting *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991)) (internal quotation marks omitted).

As set forth *supra*, by signing the plea agreement and entering his guilty plea, Defendant preserved only his right to appeal "the adverse determination of his motion to suppress." *See* Plea Agreement, *United States v. May-Shaw*, No. 1:17-cr-57-1 (W.D. Mich.) (ECF No. 68, PageID.257). Defendant did not preserve his right to raise any pre-plea claims of ineffective assistance of counsel, including any ineffective assistance of counsel claims regarding suppression proceedings. *Cf. Stoltz*, 2020 WL 885970, at *3 (concluding that defendant's "exculpatory-evidence and suppression arguments [did] not affect the validity of her plea" and, therefore, were waived); *United States v. Bolt*, Nos. 5:13-CR-50085, 5:14-CR-50001, 2018 WL 3016509, at *3 (W.D. Ark. June 15, 2018) (concluding that defendant's claim that counsel failed to request a *Franks* hearing was waived by his voluntary and knowing guilty plea); *United States v. Scharstein*, Nos. 2:11-018-DCR, 2:13-7264-DCR-EBA, 2013 WL 4809256 (E.D. Ky. Sept. 9, 2013) (rejecting claim that counsel's failure to investigate and seek a *Franks* hearing rendered the defendant's plea unknowing or involuntary).

In any event, Defendant's claims for relief lack merit. With respect to ground I, Defendant fails to provide any detail regarding the pretrial motions and investigation he believes counsel should have conducted. Presumably, Defendant's assertion relates to his argument that counsel should have requested a *Franks* hearing regarding the affidavit supporting the search warrant.

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the

10

reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory.").

The *Strickland* test applies to guilty plea challenges based on ineffective assistance of counsel. *Hill*, 474 U.S. at 58. In the context of guilty pleas, the first prong of *Strickland* remains the same, and the "second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 58–59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Id.*

The Fourth Amendment safeguards "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment requires "only three things" with respect to search warrants. *Dalia v. United States*, 441 U.S. 238, 255 (1979). First, the warrant must be issued by a "neutral and

detached" magistrate "capable of determining whether probable cause exists." *Shadwick v. City of Tampa*, 407 U.S. 345, 350 (1972). Second, there must be a finding of probable cause. *See* U.S. Const. amend. IV. Third, the search warrant must "particularly describe the place to be searched, and the . . . things to be seized." *Id.*; *see also Maryland v. Garrison*, 480 U.S. 79, 84–85 (1987).

A defendant may be entitled to have a warrant voided when the warrant affiant's statements were deliberately false or made in reckless disregard for the truth and the affidavit's remaining content is insufficient to establish probable cause. *Franks v. Delaware*, 438 U.S. 154, 156 (1978). The burden rests on the defendant to establish by a preponderance of the evidence that the affidavit contains a reckless or deliberate falsehood and that with this material "set to one side, the affidavit's remaining content is insufficient to establish probable cause." *Id.*

"A defendant challenging the validity of a search warrant's affidavit bears a heavy burden." *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2009). The Sixth Circuit has noted that to be entitled to a *Franks* hearing, the defendant must "1) make[ ] a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) prove[ ] that the false statement or material omission is necessary to the probable cause finding in the affidavit." *United States v. Young*, 847 F.3d 328, 348–49 (6th Cir. 2017). "A law enforcement officer's statement is only considered to be issued with 'reckless disregard for the truth' if a defendant shows that the affiant subjectively 'entertain[ed] serious doubts as to the truth of his [or her] allegations.'" *Bateman*, 945 F.3d at 1008 (quoting *United States v. Cican*, 63 F. App'x 832, 836 (6th Cir. 2003)). "[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks*, 438 U.S. at 171–72.

Defendant contends that counsel should have requested a *Franks* hearing because the affiant "misled the issuing judge by failing to inform the court that absent a warrant he had already entered the carport with the K-9 dog." (ECF No. 2, PageID.22.) Defendant further faults the affiant for "incorrectly [leading] the issuing judge to believe that the vehicle that was being searched was in an open parking lot." (*Id.*) Defendant argues that his BMW, which was the vehicle searched, was inside the carport, which is included in the curtilage of a home. (*Id.*) He suggests further that although the affiant mentioned receiving detailed information about Defendant from reliable and credible informants, he did not tell the issuing judge what these informants stated. (*Id.*, PageID.22–23.) Defendant appears to suggest that the affiant's testimony during the suppression hearing conclusively shows that he acted in reckless disregard for the truth when he prepared the affidavit supporting the search warrant.

Upon review of the record, Defendant has not established that counsel was ineffective for failing to request a *Franks* hearing. On direct appeal, the Sixth Circuit concluded that the carport in question was not part of the curtilage of Defendant's apartment. *See May-Shaw*, 955 F.3d at 569–572. Thus, the dog sniff around Defendant's car, which occurred before the search warrant was obtained, did not violate the Fourth Amendment. Accordingly, the fact that the affidavit did not mention that the dog sniff took place in an open carport did not affect the determination of probable cause.

Likewise, even if the affiant's statement regarding detailed information received from informants was stricken from the affidavit, the affidavit still contained sufficient information for a probable cause determination. Defendant has attached a copy of the affidavit in question to his memorandum supporting his § 2255 motion. The affidavit set forth that the affiant and the Grand Rapids Vice Unit conducted surveillance of Defendant's apartment. (ECF No. 2-1, PageID.42.)

13

Surveillance showed Defendant frequently entering and exiting the apartment multiple times a day. (*Id.*) Defendant was also seen carrying a specific bag that was mentioned in a tip to law enforcement in and out of the apartment. (*Id.*) Surveillance showed Defendant meeting with individuals in the parking lot on numerous occasions. (*Id.*, PageID.43.) On one occasion, officers saw Defendant lean into the passenger side of a vehicle, remove a bag of suspected controlled substances as well as cash, conceal the items in his coat, and bring the items into the apartment. (*Id.*) Furthermore, when the K-9 handler ran the K-9 unit around Defendant's BMW in the carport, the K-9 unit had a positive alert. (*Id.*) Moreover, the affiant noted that Defendant had two prior convictions for delivery/manufacture of controlled substances. (*Id.*)

In light of the foregoing information, there was sufficient information to support the issuance of a search warrant even when the statements that Defendant now challenges are excluded. Thus, the Court cannot agree with Defendant that counsel was ineffective for failing to request a *Franks* hearing or otherwise investigate for such a hearing. Furthermore, Defendant does not show prejudice from counsel's failure to request a *Franks* hearing. Despite his assertion that he would have proceeded to trial and not pleaded guilty if a *Franks* hearing had been successful, it is evident from the discussion above that such a hearing would not have gone in Defendant's favor.

Moreover, at sentencing, Defendant's counsel represented that Defendant "agreed a long time ago to plead guilty. He did challenge some of the constitutionality of the search warrants, which is his right, but there was no question that he was going to plead guilty should those fail and accept responsibility for what he had done." *See* Sentencing Tr., *United States v. May-Shaw*, No. 1:17-cr-57-1 (W.D. Mich.) (ECF No. 111, PageID.556). Furthermore, by pleading guilty to the conspiracy charge, Defendant faced only a mandatory minimum of 10 years' incarceration. *See*

14

Plea Agreement, *id.* (ECF No. 68, PageID.258). In exchange, the government agreed not to file a "supplemental information under 21 U.S.C. § 851 alleging that the Defendant has at least one prior felony drug conviction, the effect of which would have been to significantly increase his sentence." *Id.*, PageID.260. Had Defendant proceeded to trial and been convicted of all counts against him, he certainly would have received a significantly higher sentence than the one the Court imposed after he pleaded guilty. Defendant, therefore, is not entitled to relief with respect to grounds I and II.

In sum, Defendant has failed to demonstrate that his plea was unknowing and involuntary, and his claims of pre-plea ineffective assistance of counsel are waived due to his guilty plea. Moreover, Defendant has not demonstrated that counsel rendered ineffective assistance in the ways he argues. Defendant, therefore, is not entitled to relief on his § 2255 motion. Furthermore, because the record conclusively establishes that Defendant is not entitled to relief, there is no need for the Court to conduct an evidentiary hearing.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claims was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IV.    Conclusion**

For the foregoing reasons, the Court will deny Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:   September 11, 2024                          /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge

16